UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ARTHUR ALAN SHAVER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:16-CV-344-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Federal inmate Arthur Alan Shaver has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Shaver's § 2255 motion will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 2012, Shaver pleaded guilty and was convicted of committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) [Doc. 92 in No. 3:12-CR-2]. As

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

part of his plea agreement, Shaver waived his right to file for relief pursuant to § 2255, save for claims of ineffective assistance of counsel or prosecutorial misconduct [Doc. 43 ¶ 12(b) in No. 3:12-CR-2]. Thereafter, the Court sentenced Shaver to an aggregate term of 132 months' imprisonment [Doc. 92 in No. 3:12-CR-2]. Shaver did not appeal.

In June 2016, Shaver filed the instant § 2255 motion for a lesser sentence in light of the holding of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) [Doc. 1]. The United States responded to the motion on July 18, 2016 [Doc. 2].

## II.  LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III.  DISCUSSION

### A.  Waiver

In his plea agreement, Shaver expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with the exception of "claims of ineffective

assistance of counsel or prosecutorial misconduct" [Doc. 43 ¶ 12(b) in No. 3:12-CR-2]. A knowing and voluntary waiver of § 2255 claims is enforceable. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). In this case, there is no dispute whether Shaver entered into a knowing and voluntary plea agreement. Therefore, Shaver's claims, which are not for ineffective assistance of counsel or prosecutorial misconduct, are barred by his § 2255 waiver.

It is irrelevant that Shaver entered into his waiver before *Johnson* was decided. After all, a "plea agreement allocates risk, and the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018) (citation and quotation marks omitted). Accordingly, Shaver has waived his right to seek relief in a § 2255 proceeding.

B.  Merits

Even if Shaver's right to seek relief under § 2255 were not waived, his claim would fail because *Johnson* did not invalidate the residual clause in § 924(c)(3)(B).

The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563.

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under

3

§ 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Moreover, because the Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, *Johnson* has no application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, even if *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Shaver's conviction would nonetheless be valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threated force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened use of such force. 18 U.S.C. § 1951(b)(1); *see also, e.g., United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause). Accordingly, the Supreme Court's holding in *Johnson* does not provide Shaver with a basis on which to challenge the validity of his convictions.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Shaver must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Shaver has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**. Should Shaver file a notice of appeal, the Court **CERTIFIES** that such an appeal would not be taken in good faith and would be

frivolous.  Fed. R. App. 24.  Therefore, Shaver will be **DENIED** leave to proceed *in forma pauperis* on appeal.  Fed. R. App. P. 24.

**An appropriate Order will enter.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE